

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

Nemours Building
1007 N. Orange Street, Suite 700         (302) 573-6277
P.O. Box 2046                             FAX (302) 573-6220
Wilmington, Delaware 19899-2046

July 10, 2006

**VIA ELECTRONIC FILING**

The Honorable Gregory M. Sleet
United States District Judge
District of Delaware
U.S. Courthouse
844 King Street
Wilmington, DE 19801

    Re:   **United States v. Laura Collins**
           **Criminal Action No. 06-63-GMS**

Dear Judge Sleet:

    The defendant has agreed to change her plea pursuant to the enclosed, unexecuted, Memorandum of Plea Agreement. The parties respectfully request that the Court schedule a Change of Plea Hearing with counsel in this matter. An original, executed copy of the Memorandum of Plea Agreement will be submitted at the Change of Plea Hearing.

                                      Respectfully submitted,

                                      COLM F. CONNOLLY
                                      United States Attorney

                              BY: *Christopher J. Burke* (signature)
                                      Christopher J. Burke
                                      Assistant United States Attorney

Enclosures

cc:   Scott E. Chambers, Esquire
       The Clerk of the Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Criminal Action No. 06-63-GMS |
| | ) | |
| LAURA COLLINS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Christopher J. Burke, Assistant United States Attorney, and the defendant, Laura Collins, by and through her attorney, Scott E. Chambers, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant agrees to plead guilty to Count One of the Indictment, which charges the defendant with misappropriation of postal funds, in violation of Title 18, United States Code, Section 1711. Count One carries a maximum sentence of a term of imprisonment of 10 years, a $250,000 fine, or both, three years supervised release, and a $100 special assessment.

2. The essential elements of the offense charged in Count One of the Indictment, each of which the Government would have to prove beyond a reasonable doubt at trial, are: (1) the defendant was an employee of the United States Postal Service; (2) she knowingly and intentionally converted to her own use over $1,000 in money or property, and (3) such money or property came under her control in the execution or under color of her employment.

3.	The defendant admits that, in the time period from December 2004 through November 2005, while an employee of the United States Postal Service, she knowingly and intelligently converted to her own use money in an amount greater than $1,000 from the United States Post Office in Milton, Delaware. The defendant also admits that this money came under her control in the execution and under color of her employment with the United States Postal Service.

4.	Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, the Government will not oppose a two-point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility, pursuant to Sentencing Guideline Section 3E1.1.

5.	The defendant understands that at sentencing, the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to Title 18, United States Code, Section 3553(a). The defendant further understands that the Government will likely recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant recognizes that the final determination of the defendant's sentence will be made by the Court and that the Court is not bound by any stipulations or recommendations of the parties. The defendant agrees that she will not be allowed to withdraw her guilty plea because the Court calculates the guidelines differently than she expects, or imposes a sentence greater than what she expects, or imposes a sentence contrary to any stipulation of the parties or recommendation of her attorney.

6.   The defendant agrees to pay the special assessment of $100.00 at the time of sentencing.

7.   The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

8.   It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in a written agreement executed by all the undersigned parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever unless committed to writing in the manner so provided in this paragraph.

                                                COLM F. CONNOLLY
                                                United States Attorney

_____   By:   _____
Scott E. Chambers, Esquire              Christopher J. Burke
Attorney for Defendant                  Assistant United States Attorney


_____
Laura Collins
Defendant

Dated: _____, 2006

* * *

**AND NOW** this _____ day of _____, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

_____
THE HONORABLE GREGORY M. SLEET
UNITED STATES DISTRICT JUDGE
DISTRICT OF DELAWARE